LESLIE YATES et al., Plaintiffs-Appellants, v. IVA CUMMINGS, Defendant-Appellee.

(No. 70-28;

Fifth District—March 16, 1972.

Gerald B. Cohn, of Bethalto, for appellants.

Durr & Durr, of Edwardsville, (Wendell Durr, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

On August 15, 1964, the appellants-buyers entered into an agreement for warranty deed with the appellee-seller for the purchase of the appellee's land, which included a house. The appellants took possession at that time and remained in possession until January 28, 1966, at which time they vacated the premises and gave the appellee a written release of claims. On February 19, 1968, the appellants filed an amended complaint against the appellee. Count I alleged that the appellee had falsely represented that the house was situated wholly on the lot and within the boundaries described in the agreement, that the house was in fact partially situated on an adjoining lot, that the appellants relied on the representation and were induced to enter into the agreement, and that they suffered damages. Count II, which was dismissed by the appellants prior to trial, alleged the same facts, but prayed for rescission of the agreement.

At the conclusion of the appellants' evidence, the appellee moved for a directed verdict. After the motion was denied, the appellee introduced evidence only as to damages. The jury returned a verdict for the appellants. Subsequently the court granted the appellee's post-trial motion for judgment notwithstanding the verdict, from which this appeal is taken.

Appellants contend that the trial court erred in granting a judgment notwithstanding the verdict where there was some evidence on each element of the alleged fraud. However, in *Pedrick v. Peoria and Eastern Ry.* (1967), 37 Ill.2d 494, 229 N.E.2d 504, the Court rejected the "any evidence" rule and held, at 514, that "the presence of some evidence of a fact, which, when viewed alone may seem substantial, does not always, when viewed in the context of all the evidence, retain such significance". *Waldron v. Hardwick* (1968), 99 Ill.App.2d 36, 240 N.E.2d 772. S.H.A. Ch. 110, par. 68.1, Historical and Practice Notes, at 39.

■■ However, regardless of the rejection of the "any evidence" test, we must determine whether appellants introduced sufficient evidence to satisfy the *Pedrick* requirement. Appellants claim they introduced sufficient evidence on each element of the alleged misrepresentation to raise factual issues for determination by the jury. In particular, they argue that enough evidence was introduced on each of the following elements: that the appellee made false representations to appellants, that the appellee knew at the time that the representations were made that they were false, that the appellants believed and relied on the representations, that the representations were false, and that the appellants sustained damages as a result of the false representations. This is not entirely an accurate statement of the elements. The person to whom the statement

is made must believe and rely on it, and must have right to do so. *Broberg v. Mann* (1965), 66 Ill.App.2d 134, 213 N.E.2d 89.

■■ We find that the appellants were not justified in relying on the representation. In *Schmidt v. Landfield* (1960), 20 Ill.2d 89, 169 N.E.2d 229, the Court affirmed the trial court's entry of judgment on the pleadings for the defendant in a suit brought to collect damages allegedly arising out of a fraudulent real estate transaction. The Court emphasized, at 232, that:

"The rule is well established that a party is not justified in relying on representations made when he has ample opportunity to ascertain the truth of the representations before he acts. When he is afforded the opportunity of knowing the truth of the representations he is chargeable with knowledge; and if he does not avail himself of the means of knowledge open to him he cannot be heard to say he was deceived by misrepresentations."

The Court concluded that the plaintiffs failed to allege sufficient facts to show that they were justified in relying on the representations. Similar statements appear in *Morel v. Masalski* (1929), 333 Ill. 41, 164 N.E. 205; *Malnick v. Rosenthal* (1942), 313 Ill.App. 249, 39 N.E.2d 767.

In this case, the appellant, Leslie Yates, testified that he had been a carpenter since 1963 and that he was acquainted with property lines and surveyor pins. In fact, he identified a mark on Exhibit 2, which was a picture of the property in question, as a surveyor's pin and stated that he first recognized it as such "sometimes after I moved in". Both he and his wife had previously testified that they had inspected the property before signing the agreement and that the appellee had pointed out the property line, on the west side of the house, as being approximately five feet from the house. The appellee denied having made the statements. There was testimony that the pin which the appellant, Leslie Yates, identified was placed in the ground in 1956 and was clearly visible and that the pin coincided with the plat of record and indicated an encroachment by the house onto the adjoining property. Further, the agreement signed by all parties specified that; "Buyers have gone on the property and have inspected same to their satisfaction, and including the lands, buildings and attachments thereto and accept same in the condition that same is now found to be * * *".

In the light of this testimony, since Leslie Yates was a carpenter and was acquainted with property lines and surveyor pins, since the surveyor pins were clearly visible, and since an opportunity was provided for checking the property, he cannot now complain that he was deceived by the misrepresentation.

■■ With regard to damages, the appellants' attorney stated in his

opening argument at the trial that the damages consisted of the inconvenience of the appellants in moving in and out of the property and in having to switch the children from one school to another, the monthly payments that were made over the 17 months of occupancy, and the down payment on the property. Mr. Yates testified that he paid monthly installments for seventeen months, that he stayed for seventeen months since he did not have anyplace to move. He stated he didn't have any actual expenses in moving into the house and the court sustained an objection to the question about expenses moving out of the house. Mr. Yates testified his children changed schools at the time of the move from the house. Other than a statement by the owner of the property upon which the house encroached that he objected "to the present owners", without specifying whom, and the statement by Leslie Yates that he was informed by the owner of the adjoining land that there was a problem with the property line, there is no testimony that the appellants were compelled to vacate the property due to the encroachment. Proof of actual injury resulting from the representation is a necessary element of the cause of action. (*Broberg v. Mann* (1965), 66 Ill.App.2d 134, 213 N.E.2d 89.) We do not find that sufficient evidence was introduced to show that the appellants sustained injury. See I.L.P. Fraud, pars. 15, 46, 52—56.

■■ In view of the foregoing, the appellants' argument that they were denied a jury trial when the court entered judgment notwithstanding the verdict is resolved by *Pedrick v. Peoria and Eastern Ry.* (1967), 37 Ill.2d 494, 229 N.E.2d 504, which held that the right to a jury trial in a civil proceeding includes the right to a jury verdict only if there are factual disputes of some substance. Here, there was no substantial question whether the appellants were justified in relying on the representations made.

Appellants also argue that the trial court was precluded from granting a judgment notwithstanding the verdict since the court had denied appellee's motion for a directed verdict at the close of the appellants' evidence, implying that the appellants had proved a *prima facie* case, and since the appellee introduced no evidence on the question of liability.

■■ Motions for directed verdict and for judgment not withstanding the verdict present the same issues to the court, whether the proof presents a factual question for the jury's determination, and they are governed by the same rules of law. (*Butler v. O'Brien* (1956), 8 Ill.2d 203, 133 N.E.2d 274.) Ill. Rev. Stat., ch. 110, par. 68.1(2), provides that "Relief after trial may include the entry of judgment if under the evidence in the case it would have been the duty of the court to direct a verdict without submitting the case to the jury, even though no motion

for directed verdict was made or *if made was denied* or ruling thereon reserved". (Emphasis added.) There appear to be no cases dealing specifically with the situation in which a directed verdict is denied and the defendant fails to introduce evidence on the question of liability. However, we fail to see why the section quoted above would not be applicable. In a concurring opinion in *Keen v. Davis* (1967), 38 Ill.2d 280, 230 N.E.2d 859 Mr. Justice Underwood stated, at 862, that:

"The purpose of a post trial motion is to give the trial court an opportunity to correct any errors in the trial and eliminate the necessity of appeal. \* \* \* (I)t does afford the judge an opportunity for a more deliberate consideration of the propriety of the action which he took initially amid the pressures of a jury trial."

This case presents a very good example for the application of the statement. The trial court should have granted the motion for a directed verdict after the appellants' case. That it chose to correct its error in the granting of judgment notwithstanding the verdict cannot be said to be error.

Finally, the appellants argue that the trial court erred in granting appellee's motion where the appellee failed to renew his motion for a directed verdict at the close of all the evidence, citing Federal cases and *Ritz Central Motor, Inc. v. Vanderwoude* (1955), 5 Ill.App.2d 231, 124 N.E.2d 662, an abstract decision. The federal cases are inapplicable since the procedure in the federal courts is specifically detailed in the Federal Rules of Civil Procedure. Furthermore, subsequent to the *Ritz* case, Ill. Rev. Stat. ch. 110, par. 68.1(2) was enacted, providing for judgment notwithstanding the verdict "even though no motion for directed verdict was made or if made was denied or ruling thereon reserved". *Moore v. Atchison, Topeka and Santa Fe Ry.* (1960), 28 Ill.App.2d 340, 171 N.E.2d 393.

 Under the terms of the contract appellants were to receive a warranty deed upon their performance; that is, by a down payment, and monthly payments with interest on the unpaid balances. They did not perform in full, and as a result appellee was under no obligation to give appellants good title until such time as they had performed in full. She had until such time as appellants had performed in full to cure any defect in the title, and could have purchased adjoining land to cure the alleged defect upon which appellants base their claim for damages. We are not here concerned with an anticipatory breach.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

G. MORAN and JONES, JJ., concur.