THE BROWNSTONE CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, *v.* DONALD GELLER *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-2368

Opinion filed December 10, 1980.

Liebling, Hauselman & Miller, Ltd., of Chicago, for appellant.

Swanson, Ross, Hanfling & Block, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, the Brownstone Condominium Association, brought this action for a mandatory injunction to compel defendants, Donald and Lee Geller, to remove from the rear outer wall of the Brownstone Condominium nine five inch bolts which support a 2″ by 10″ piece of wood. After a hearing, the trial court denied Brownstone's request for a preliminary mandatory injunction. Brownstone appeals.

Brownstone is the owner of a high-rise condominium located at 1440 North State Parkway in Chicago. The Gellers own and reside in a single-family residence immediately to the north of the Brownstone building.

At the hearing, the evidence was undisputed that in 1979 the Gellers employed a carpenter who installed a screened-in area at the rear of their home. The screened area is supported partially by a 2″ by 10″ piece of wood approximately 18 feet long. This wood is attached horizontally by nine five inch bolts to the west end of the north outer garage wall of the Brownstone building.

Brownstone offered the testimony of an expert witness who stated that less than three inches of each bolt entered the Brownstone brick. He observed a water accumulation near three bolts, but was unable to state that it was caused by the bolts. Relying principally on *Ariola v. Nigro* (1959), 16 Ill. 2d 46, 156 N.E.2d 536, Brownstone argued in the trial court and urges here that the issuance of a mandatory injunction is required to remove an encroachment by an adjoining landowner even when the encroachment is minimal.

(It should be noted that the parties to this action have engaged in similar litigation in the past. Donald Geller brought an action to prevent Brownstone, whose north wall was on its property line, from using temporary scaffolding on that north wall. Geller maintained that the temporary scaffolding extended into his air space and constituted a continuing trespass. This court affirmed the dismissal of Geller's complaint. *Geller v. Brownstone Condominium Association* (1980), 82 Ill. App. 3d 334, 402 N.E.2d 807.)

After hearing the aforesaid testimony and arguments of counsel, the trial court denied Brownstone's request for a preliminary mandatory injunction. In announcing its decision, the trial court uttered the following words of eloquence and wisdom which accurately dispose of all issues in the present appeal:

"This matter is here on motion for preliminary mandatory injunction. Counsel for the defendant is correct when he says that a

writ of mandatory injunction is not a favored writ. A preliminary mandatory injunction is a difficult remedy to secure. There must be a demonstration that there is a property right which needs to be secured, that there is an inadequate remedy at law, that there is irreparable harm, and that there is a likelihood of success on the merits.

I've reviewed these pleadings and the proofs presented this morning with these things in mind, gentlemen. It seems to me that there must be a level of minutia below which the courts cannot reasonably be expected to respond.

There are nine bolts and anchors into the side of a multi-story building—as a matter of fact, into the rear, or near-rear, of that multi-story building. The purpose which those bolts serve for the defendant have yet to be explained. The harm which they cause, if any, is speculative, anticipatory, and, as of this date, inconsequential.

If the courts are to be taken seriously and be available for those with serious litigation then no judge can allow a case like this to proceed beyond the point where the proofs demonstrate that the matter is trivial and should not be in court at all. To cloak this dispute with the important mantle of a preliminary mandatory injunction would be to elevate pettiness to a level that it does not merit.

To enter the serious and important writ of injunction on these facts would be to invite ridicule, would gravely deprecate the importance of that extraordinary writ, and would, to my mind, be an invitation to others to try the same. I refuse to be a party to any of that.

I entertain absolutely no illusions of grandeur about what I should be doing here on the bench. I do not believe that I was ordained to sit only on the most important and earth shaking matters. Like all other judges, I'm accustomed to hearing matters of no public importance—but all of those matters do have a common thread of being brought to protect a real, and not an imagined or contrived injury. Such is not the case here.

This, to my view, is a spite case. The injury is contrived. Although the trespass is technically ongoing, I acknowledge that the nine bolts do amount to a trespass, so that that trespass apparently is a technically ongoing trespass.

It seems to me that on the basis of these proofs, the mere fact there is a trespass does not warrant any affirmative action by the Court. The close quarters of an urban society demand flexibility when we encounter an intrusion on our personal bubble. In a

metropolitan area of seven million people, none can deny that their rights, real or imagined, are infringed upon with regularity. The limitations on the judicial system make it obvious that each of these transgressions cannot be litigated. There was a time when the economics of a case would militate against its being filed, but where, as here, a large condominium association chooses to pool its resources and file nonsense, then I believe the Court must resist at the first opportunity it can. To my view, on the record that we have so far in this case, this case is just that—nonsense.

This ruling is not an invitation to Mr. Geller to go out and drill nine more holes or attempt to increase his technical trespass, because it must be obvious to him and to his counsel that there is a point beyond which the Court cannot cavalierly call a case nonsense and must make a ruling. It's also obvious that when the trespass is of more significance, it will demand and secure the attention of the Court. I believe this case is not at the crossroad yet—it may never get there.

Proofs for a preliminary mandatory injunction have not been met. First of all, I'm not satisfied that there is a property right which is in need of protection as of this moment. I believe that there has been no demonstration that there is irreparable harm; I believe there is an adequate remedy at law, if indeed there is any injury; and, at least for the purposes of this courtroom, I'm satisfied that there is no liklihood of success as the proofs stand today.

So, for these reasons, the motion for preliminary relief is denied."

Save to distinguish *Ariola v. Nigro*, this court can add nothing to the trial court's sagacious reasoning. In *Ariola*, the encroachment by the adjoining landowner resulted in actual damage: water accumulation resulting in seepage and rotting plaster and mortar joint deterioration. In the present case, as the trial court observed, no injury was demonstrated.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.