JUSTICE JIGANTI
 

 delivered the opinion of the court:
 

 The plaintiffs, Gautam and Sudha Shah, are seeking money damages in this action for common law and statutory fraud. On April 15, 1979, the plaintiffs contracted to purchase a condominium from the defendants, Falcon Development Company and American National Bank & Trust Company, as trustee. The sale was closed in escrow on July 18, 1979. On the same day, the escrow agent, Chicago Title & Trust Company (CT&T), released the purchase money to Falcon which had been deposited by the plaintiffs. Sometime thereafter the plaintiffs received a title insurance policy from Chicago Title Insurance Company (CTI) which stated that two trust deeds remained as encumbrances against the property. The policy also indicated that CTI specifically insured over the encumbrances. On August 6, 1979, the defendants deposited a sufficient amount of money with CT&T to pay the notes which supported the trust deeds. In January 1980, the trust deeds were released against the property.
 

 The plaintiffs’ allegations of fraud center around the escrow agreement and not the sale of the condominium. They allege that they were fraudulently induced to enter into the escrow agreement because the defendants represented that they were the legal and beneficial owners of the condominium on April 15, the date they entered into the purchase contract, but did not in fact become legal and beneficial owners until August 2, 1979. Further, the plaintiffs contend that it was represented in the purchase agreement that a lien in favor of any blanket encumbrance would be released at the time of closing. In fact, the trust deeds which encumbered the property were not released until the following January. Because of these allegedly fraudulent misrepresentations, the plaintiffs do not explain but merely contend that they were damaged and request damages for interest, in the amount of 5% of their purchase money, between the date of the closing, July 18, 1979, and the date the title finally became clear, January 16, 1980. The plaintiffs also assert, without making any argument, that the defendants were unjustly enriched.
 

 The defendants observe that the purchase contract further provided that if any title exceptions arose during the title search, the defendants would have 60 days from the date the escrow was opened to “secure or obtain title insurance over the additional” encumbrances. As to the issue of the defendants’ representation concerning ownership on April 15, the date the purchase contract was signed, the record only shows that the defendants had an “assignment of leasehold estate and deed of buildings.” They acquired the fee title on August 2, 1979.
 

 The trial court granted summary judgment in favor of the defendants on the plaintiffs’ claims for common law fraud and for statutory fraud under the Consumer Fraud and Deceptive Business Practices Act. (Ill. Rev. Stat. 1981, ch. 121½, par. 261 et seq.) Neither CT&T nor CTI is a party to this appeal. Further, questions pertaining to the propriety of the suit as a class action were not decided by the trial court and are not before us now.
 

 To state a cause of action for common law fraud, the plaintiffs must prove that any misrepresentations are: (1) false statements of material facts; (2) known or believed to be false by the party making them; (3) intent to induce the other party to act; (4) action by the other party in reliance upon the truth of the representations; and (5) damage to the other- party resulting from such reliance. (Soules v. General Motors Corp. (1980), 79 Ill. 2d 282, 402 N.E.2d 599.) In the case before us, we do not believe that there are sufficient facts of record to demonstrate that any allegedly false statements were of material fact or that the plaintiffs were injured by the defendants’ representations.
 

 A misrepresentation is “material” and therefore actionable if it relates to a matter upon which the plaintiff could be expected to rely in determining whether to engage in the conduct at question. (Mother Earth, Ltd. v. Strawberry Camel, Ltd. (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393, appeal after remand (1981), 98 Ill. App. 3d 518, 424 N.E.2d 758.) In the case at bar, the plaintiffs contend that the defendants’ representations in the purchase agreement that the defendants were legal and beneficial owners and that upon conveyance, encumbrances would be released were statements of material fact. We disagree. The plaintiffs paid their purchase money to the escrow agent, the defendants conveyed title to the plaintiffs and the plaintiffs took possession of the condominium. The plaintiffs received that for which they had bargained and cite no authority for the proposition that they were entitled both to possess the condominium and to retain the use of their purchase money until the time the encumbrances were removed from the title. The defendants’ representations did not hinder the plaintiffs in gaining either title or possession of the condominium or affect the manner in which the escrow trust agreement was carried out. While the plaintiffs argue that the encumbrances upon their title severely lessened the marketability of the condominium, we do not see this as a viable argument where CTI specifically insured over the encumbrances and where the defendants deposited sufficient money with CT&T to pay off the encumbrances. Furthermore, the purchase agreement specifically contemplated that title encumbrances might be present and required the defendants to obtain insurance in that event. As we have already stated, insurance was obtained and sufficient money was deposited to pay off the encumbrances. We cannot conclude that the defendants’ statements constituted false statements of material fact where the above safeguards were taken to protect the marketability of the plaintiffs’ title and where the purchase agreement itself contemplated the existence of the type of encumbrances encountered here. The defendants have raised other additional arguments in support of their position, including the contention that one cannot make an actionable misrepresentation concerning a future fact. However, because we have decided this issue on other grounds, we need not address the merits of the defendants’ additional arguments.
 

 For similar reasons we find that the plaintiffs did not suffer damages sufficient to support a cause of action in fraud. Proof of actual injury resulting from the allegedly fraudulent misrepresentations is an essential element of actionable fraud. (Yates v. Cummings (1972), 4 Ill. App. 3d 899, 282 N.E.2d 261; Berkson v. Chandler (1955), 5 Ill. App. 2d 583, 126 N.E.2d 389 (abstract).) This proposition of law applies both to actions for damages and to actions for rescission. (See Jones v. Foster (1898), 175 Ill. 459, 51 N.E. 862; see generally McCleary, Damage as Requisite to Rescission for Misrepresentation, 36 Mich. L. Rev. 1 (1937).) In the case at bar, the plaintiffs argue that CT&T wrongfully disbursed the purchase money to the defendants prior to the time the encumbrances were removed from the title. Therefore, the plaintiffs argue, the defendants were unjustly enriched because they had the use of the money between the time the money was disbursed and the time the title was cleared. We note first that CT&T is not a party to this appeal and we offer no opinion as to the propriety of its actions. Considering the actions of the plaintiffs and the defendants now before us, however, we can find no instance of any actionable damages.
 

 As we stated earlier, the plaintiffs received what they had bargained for from the defendants: title and possession in the condominium which they purchased. The purchase money may have been disbursed earlier than provided by the escrow agreement; however, in no event were the plaintiffs entitled to both possess their condominium and retain control over the money held by the escrow agent. The measure of damages in an action for fraud is determined from the loss to the plaintiff rather than from the gain to the defendant. (Martin v. Allstate Insurance Co. (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347.) In the case before us, we do not believe that the plaintiffs suffered any damage by reason of the allegedly premature disbursement of the purchase money to the defendants.
 

 The plaintiffs also argue that if they had tried to sell their condominium during the period when the title was encumbered, they may have encountered difficulty in the sale because of the encumbrances upon the title. However, the record discloses that the plaintiffs never attempted to sell the condominium during the relevant time period. Damages for fraud may not be predicated on mere speculation, and müst be a proximate, and not remote, consequence of the fraud. (Martin v. Allstate Insurance Co. (1981), 92 Ill. App. 3d 829, 416 N.E.2d 347; see also Brownstone Condominium Association v. Geller (1980), 91 Ill. App. 3d 823, 415 N.E.2d 20.) We think that the plaintiffs’ hypothetical difficulty in selling their condominium is a purely speculative loss for which the law of common law fraud will offer no remedy.
 

 The plaintiffs set forth further elements of damages in their complaint; however, we note that these allegations pertain to certain other parties who were defendants in the trial court and not to the defendants in the case at bar. We therefore conclude that the plaintiffs suffered no damages sufficient to constitute a common law fraud action.
 

 The plaintiffs also assert in their brief that the defendants were unjustly enriched when CT&T released the purchase money to the defendants prior to the time title was cleared. Both at trial and on appeal, however, the plaintiffs describe their cause of action as one for common law fraud. Unjust enrichment is a separate cause of action which has never been argued by the plaintiffs and we shall not address the merits of such an argument now. See Restatement of Restitution sec. 1, comments a, b and c (1937); D. Dobbs, Remedies secs. 4.1, 4.2, at 222-40 (1973).
 

 The second issue raised by the plaintiffs on appeal is whether they stated sufficient facts to overcome the defendants’ motion for summary judgment on their claim for statutory fraud under the Consumer Fraud and Deceptive Business Practices Act. (Ill. Rev. Stat. 1981, ch. 121V2, par. 261 et seq.) The relevant provision of the statute requires the plaintiff to demonstrate in part that the defendant made a misrepresentation of a material fact. (Ill. Rev. Stat. 1981, ch. VZV-k, par. 262.) Because we have already determined that the defendants in this case did not make a material misrepresentation, we shall not reach the other merits of the plaintiffs’ statutory fraud claim.
 

 For the foregoing reasons, we affirm the trial court’s order granting summary judgment in favor of the defendants.
 

 ROMITI, P.J., and JOHNSON, J., concur.