SAMUEL BORUSHEK, Plaintiff-Appellant, *v.* JOE KINCAID *et al.*, Defendants.—(THE VILLAGE OF WILMETTE SCHOOL DISTRICT NO. 39 *et al.*, Defendants-Appellees.)

First District (1st Division)    No. 77-1699

Opinion filed November 13, 1979.

Alan I. Boyer, of Gaines and Boyer, of Chicago, for appellant.

James T. Ferrini, Frederic J. Grossman, and Thomas H. Ryerson, all of Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Samuel Borushek, is appealing from an order of the trial court dismissing count II and an amended count III of his three-count complaint. Plaintiff's complaint alleged that on January 22, 1975, plaintiff, pursuant to the invitation of Howard Junior High School (Howard), was attending a father and son gathering at Howard, a school operated, maintained and controlled by defendant village of Wilmette School District No. 39 (School District). According to the complaint, plaintiff, the father of a student at Howard, was on the gymnasium floor watching a basketball game with his son when Joe Kincaid, another student at Howard, went to retrieve a basketball, collided with the plaintiff, and

caused injury to plaintiff's left leg. The first count of plaintiff's complaint is in negligence against the student Joe Kincaid and is not the subject of this appeal. Count II is against Howard and further alleged that a great number of fathers and sons attended the father-son evening; that defendants had the duty to provide adequate personnel to supervise the events occurring on the premises to protect the plaintiff invitee against injury; and that defendants negligently failed to adequately supervise the activities occurring on the premises. The amended count III was based on section 34—84a of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 34—84a) and alleged that by reason of that statute defendants Howard and the school district had the duty to maintain discipline in the schools, and that defendants breached that duty causing injury to plaintiff. The amended count III alleged the following specific acts of negligence of defendants: failure to have sufficient supervisory personnel present; failure to properly supervise the activities; and failure to exercise reasonable care to protect plaintiff from injuries by others in attendance at the father and son evening. The trial court dismissed both count II and the amended count III and plaintiff now appeals. Plaintiff contends that the trial court erred in dismissing both counts II and III because they both stated a cause of action. We affirm.

■■ In determining whether a complaint states a cause of action, courts should liberally construe the complaint so that controversies are determined on their merits and not on technicalities. (*Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748.) All facts properly pleaded as well as all reasonable inferences drawn from those facts must be accepted as true. (*Psyhogios v. Village of Skokie* (1972), 4 Ill. App. 3d 186, 280 N.E.2d 552.) However, conclusions of law or fact are to be disregarded in determining whether the complaint states a cause of action. *Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 285 N.E.2d 564.

■ A complaint based on negligence states a cause of action when it alleges facts establishing a duty, a breach of that duty, and resulting damages. (*Edwards v. Ely* (1943), 317 Ill. App. 599, 47 N.E.2d 344.) The instant complaint alleges that plaintiff was injured while attending a father-son night under the sponsorship and at the invitation of the defendant school. Having come upon defendant's premises at defendant's invitation in connection with an affair sponsored by the defendant, plaintiff occupied the status of an invitee. (*Tanari v. School Directors* (1977), 69 Ill. 2d 630, 373 N.E.2d 5.) Defendant thus owed plaintiff a duty of reasonable care. *Dunlap v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 628, 327 N.E.2d 16.

■■ We do not, however, believe that the allegations of count II are sufficient to establish a breach of this duty. Plaintiff first argues in his brief that defendants negligently permitted an overcrowded condition to exist in the gymnasium. However, plaintiff never alleged in his complaint the

size of the gymnasium or the approximate number of people present inside. As such, any allegation of overcrowding is a conclusion of fact and should not be considered in determining whether the complaint states a cause of action. Plaintiff further argues that the negligent failure of defendants to adequately supervise the activities occurring on the premises proximately caused the injury to the plaintiff. Liberally construing the allegations of count II and considering the reasonable inferences therein, we disagree. Count II makes no allegation as to any activities that needed to be regulated or supervised. It alleges no dangerous activity that was being conducted nor does it make the allegation that there was any confusion, shoving, or jostling involving any of the people present. After carefully reviewing count II we see no basis for concluding that supervisory personnel could have prevented the injury that occurred. We thus affirm the trial court's order dismissing count II.

Plaintiff argues, however, that the legal sufficiency of the allegations in count II is supported by *Tanari v. School Directors of District No. 502* (1977), 69 Ill. 2d 630, 373 N.E.2d 5. Tanari, a bus driver who transported students to and from school, was issued a complimentary pass to attend a high school football game. While in the stadium and approaching her seat, Tanari was injured by a student who fell on top of her as he was playing with other students. In reversing a directed verdict for the school district, the Illinois Supreme Court held that "[t]he question of whether defendant failed to exercise reasonable care in supervising children attending the football game and whether such failure, if found to exist, was the proximate cause of plaintiff's injuries, should have been submitted to the jury." (69 Ill. 2d 630, 639, 373 N.E.2d 5, 9.) *Tanari*, however, is distinguishable from the instant situation. There was testimony in *Tanari* by the athletic director that he had seen boys and girls at almost every home football game "horseplaying" and "roughing it up" in the area where the accident occurred and that he had in the past hired off-duty policemen and teachers to keep order at the football games. In *Tanari* there was notice of a dangerous condition. The school district clearly knew of the dangerous condition and took steps to remedy it.

Plaintiff also contends that section 34—84a of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 34—84a) created a duty upon defendants to maintain discipline in the schools and supports the cause of action alleged in the amended count III. That section provides:

> "Teachers and other certified educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend

to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians.

Nothing in this Section affects the power of the board to establish rules with respect to discipline."

We believe that plaintiff's reliance on the above statute is misplaced and that the statute creates no duty owed to parents of school children. Plaintiff cites no case which supports his interpretation of section 34—84a of the School Code and our research discloses no such case. Nowhere does the statute indicate any duty owed by teachers to parents of school children. Indeed, the clear wording of the statute creates a *loco parentis* relationship between teachers and students only "in the absence of their parents or guardians."

For the foregoing reasons, we affirm the order of the circuit court of Cook County.

Order affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.