MARK ANDERSON *et al.*, Plaintiffs-Appellants, v. WILLARD STOWELL *et al.*, Defendants-Appellees (Carol Doyle, Defendant).

Third District   No. 3—88—0726

Opinion filed May 30, 1989.

Thomas A. Blade, of Blade, Thompson & Sale, of Moline, for appellants.

Richard J. Trinrud, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiffs, Mark and Linda Anderson, brought suit against the defendants, Willard Stowell, Jackie Stowell, and Carol Doyle. Count II of the plaintiffs' amended complaint alleged that the Stowells had violated the Consumer Fraud and Deceptive Business Practices Act (the Act) (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*). The trial court subsequently granted summary judgment in favor of the Stowells on count II of the plaintiffs' amended complaint. The plaintiffs bring this interlocutory appeal, arguing that the court erred in granting summary judgment.

The relevant underlying facts are not in dispute. The plaintiffs purchased from the Stowells a single-family residence located in Moline, Illinois. Defendant Carol Doyle was the real estate agent involved in the transaction. In count II of the plaintiffs' amended complaint, they alleged that the Stowells had misrepresented the condition of the basement walls in the home and had thereby violated the Act.

The Stowells filed a motion for summary judgment on count II, arguing that individuals selling their own homes are not covered by the Act. The trial court agreed and granted their motion.

■■ We note that a motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) A reviewing court will find summary judgment to have been properly granted when the issue was determinable solely as a matter of law. *Maurice Transport Co. v. Amoco Oil Co.* (1986), 144 Ill. App. 3d 156, 494 N.E.2d 738.

The Stowells' motion for summary judgment was based solely on the question of whether as a matter of law they came within the scope of the Act. The controlling case on this issue is *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409, *appeal denied* (1987), 116 Ill. 2d 578, 515 N.E.2d 129. The *Zimmerman* court found no support in Illinois law for the proposition that an individual selling his own home is liable to a purchaser under the Act, and it declined to extend the scope of the Act to include such individuals.

The plaintiffs supply neither case law nor meritorious arguments

to distinguish or refute the reasoning of *Zimmerman*. We have examined *Zimmerman* in light of the Act and the relevant case law and agree with its conclusion.

In the instant case, the Stowells were individuals who placed their single-family home on the market and employed the services of a real estate agent. Under the reasoning of *Zimmerman*, they did not fall within the scope of the Consumer Fraud and Deceptive Business Practices Act. Therefore, as a matter of law, the trial court properly granted summary judgment for the Stowells on count II of the plaintiffs' amended complaint.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.