MARC W. STRAUSS *et al.*, Plaintiffs-Appellees, v. FRANK T. CRUZ *et al.*, Defendants-Appellants.

Third District   No. 3—93—0730

Opinion filed March 31, 1994.

James S. Dixon, of Peoria, for appellants.

Husch & Eppenberger, of Peoria (Jeffrey Alan Ryva, of counsel), for appellees.

JUSTICE LYTTON delivered the opinion of the court:

The question certified in this interlocutory appeal is whether "an individual sale by a private seller to a private buyer of a one-family dwelling, constitute[s] an action that falls under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (West 1992)." The trial court held that such a seller of real estate is covered by the Act. We disagree and reverse the trial court's decision.

Defendants, Frank T. Cruz, Helen Nunez Cruz, Manuel L. Nunez and Teodora F. Nunez, owned a single-family residence, which they sold to plaintiffs, Marc W. Strauss and Wendy G. Strauss.

In March 1993, plaintiffs filed a three-count complaint alleging that in discussions prior to the sale, defendants affirmatively assured plaintiffs that although the roof had leaked, it had been adequately replaced or repaired, and that there had never been any water leakage, accumulation or dampness in the basement or in any other area of the property other than the roof. The sale was completed and plaintiffs took possession of the property in November 1992. Plaintiffs claimed that after the sale was completed, they experienced severe and continuing problems with water leakage in the basement and in an upstairs family room.

Count I of the complaint alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (Act). Defendants moved for summary judgment on count I arguing that the Act does not apply to an individual sale by a private seller to a private buyer of a single-family residence. The circuit court of Peoria County granted defendants' motion, but on motion for rehearing reversed itself and denied defendants' motion. The trial court certified the question to this court. We then granted defendants' application for leave to appeal.

Defendants argue on appeal that the trial court erred because the cases of *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409, *appeal denied* (1987), 116 Ill. 2d 578, and *Anderson v. Stowell* (1989), 183 Ill. App. 3d 862, 539 N.E.2d 852, are dispositive of the issue.

Plaintiffs argue that this case is an exercise of simple statutory construction and that the instant case is covered by the Act. Plaintiffs assert that the situation is not covered in the exceptions provided by the Act, and that when the Act was amended in 1990, *Zimmerman* and *Anderson* were effectively overruled. We disagree.

Under the express language of section 10b(4) of the Act, defendants are not covered by the Act.

"Nothing in this Act shall apply to:

\* \* \*

(4) The communication of any false, misleading or deceptive information, provided by the seller of real estate located in Illinois ***. This provision shall be effective as to any communication, whenever occurring." 815 ILCS 505/10b(4) (West 1992).

Both *Zimmerman* and *Anderson* addressed the exact issue as presented and both found that there is "no support in Illinois law for the proposition that an individual selling his own home is liable to a purchaser under the Act." *Anderson*, 183 Ill. App. 3d at 863; *Zimmerman*, 156 Ill. App. 3d at 168-69.

It should be noted that the exception also states that real estate salesmen and brokers licensed under the Real Estate Brokers License Act are not covered by the Act "unless the salesman or broker knows of the false, misleading or deceptive character of such information." 815 ILCS 505/10b(4) (West 1992).

Plaintiffs contend that an amendment to the Act, effective January 1, 1990, overruled *Zimmerman* and *Anderson*. We believe that this argument is without merit. The legislature added the following language to the section allowing a cause of action for violations of the Act: "[p]roof of a public injury, a pattern, or an effect on consumers generally shall not be required." (815 ILCS 505/10a(a) (West 1992).) However, this court, in *Zinser v. Rose* (1993), 245 Ill. App. 3d 881, 614 N.E.2d 1259, found that the 1990 amendment should be applied retroactively because it " 'merely clarified rather than changed the Act.' " *Zinser*, 245 Ill. App. 3d at 886, quoting *Royal Imperial Group, Inc. v. Joseph Blumberg & Associates, Inc.* (1992), 240 Ill. App. 3d 360, 368.

Based on the *Zinser* court's rationale, we do not believe that the amendment overruled *Zimmerman* and *Anderson*. Moreover, the amendment did not affect section 10b(4) exceptions to the application of the Act. Thus, we decline to extend the coverage of the Act to individual, private, noncommercial sales of single-family dwellings.

Because this is an interlocutory appeal with one question of law certified to it by the trial court, we decline to address the other issues raised by the parties.

The order of the Peoria County circuit court denying defendants' motion for summary judgment is reversed.

Reversed.

SLATER, P.J., and BRESLIN, J., concur.