MELESIO CARRERA *et al.*, Plaintiffs-Appellants, v. RICHARD G. SMITH *et al.*, Defendants-Appellees (Nancy Cramblit *et al.*, Defendants).

Second District    No. 2—98—1357

Opinion filed July 16, 1999.

Patrick M. Loftus and Mark E. Vietzen, both of Law Offices of Patrick M. Loftus, of Addison, for appellants.

Catherine M. Massarelli, of Law Offices of Grant Eckhoff, P.C., of Wheaton, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Plaintiffs, Melesio Carrera and Maryellen Carrera, appeal the trial court's dismissal of count III of their amended complaint. Count III set out a claim against defendants Richard G. Smith and Adelaide E. Smith (the Smiths); none of the other defendants is a party to this appeal. Plaintiffs argue that the Smiths, who allegedly committed fraud during the sale of their home to plaintiffs, are subject to liability under the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1998)). We affirm.

Plaintiffs' amended complaint alleged as follows. The Smiths assisted their real estate agent and broker in the preparation of a listing sheet to market their single-family home. The listing sheet stated that the residence had four bedrooms. However, the listing sheet did not reveal that, in 1984, the Smiths added two of these bedrooms to the basement of the house in violation of the Du Page County Building Code. Although the Smiths knew of that infraction, their residential real property disclosure report stated that they were unaware of any violation of local law or regulation. Relying upon the listing sheet and the disclosure report, plaintiffs entered into a contract to purchase the property. They acquired title on May 20, 1997.

Count I of the amended complaint alleged that, by advertising the house as a four-bedroom home and failing to disclose the fact that two of the bedrooms violated the applicable building code, the Smiths committed common-law fraud. Count II alleged that the Smiths' misrepresentation on their disclosure report constituted a violation of the Residential Real Property Disclosure Act (765 ILCS 77/1 *et seq.* (West 1998)). Count III asserted that the same conduct alleged in counts I and II constituted a violation of the Consumer Fraud and Deceptive Business Practices Act (Act). Counts IV and V asserted claims against the Smiths' real estate agent and broker.

The Smiths moved to dismiss count III of the amended complaint pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1998)). They argued that an individual who sells his or her own home, even through a real estate agent, is not subject to liability under the Act. The trial court granted that motion and found no just reason to delay the enforcement or appeal of its order (155 Ill. 2d R. 304(a)). Plaintiffs now appeal to this court, arguing that they asserted a valid claim against the Smiths under the Act.

■ A motion to dismiss pursuant to section 2—619 should be granted only when there are no material facts in dispute and the moving party is entitled to dismissal as a matter of law. *Rochon v. Rodriguez*, 293 Ill. App. 3d 952, 958 (1997). A dismissal may be affirmed only if there exists no set of facts that could entitle the plaintiff to recover when all well-pleaded allegations in the complaint are taken as true. *American National Bank & Trust Co. v. Thomas*, 288 Ill. App. 3d 343, 346 (1997). When we evaluate a trial court's ruling on a motion based on section 2—619, our standard of review is *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997).

■ Section 2 of the Act states:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, *** in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2 (West 1998).

The critical question in this appeal is whether section 2 prohibits the Smiths' conduct as alleged by plaintiffs. This issue requires us to determine whether the Smiths, private individuals who sold their own residence through a listing and with representation of a real estate agent, engaged in the conduct of a "trade or commerce" as defined by the Act.

■ Section 1(f) of the Act states:

"The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1(f) (West 1998).

As plaintiffs point out, this language draws no explicit distinction between private and commercial sellers. Because the Smiths engaged in the advertising and sale of real property, plaintiffs conclude that they

engaged in a "trade or commerce" that subjects them to liability under section 2.

■ In *Zimmerman v. Northfield Real Estate, Inc.*, 156 Ill. App. 3d 154 (1986), the Appellate Court, First District, addressed plaintiffs' argument. Despite the Act's broad language, the court held that an individual engaged in the "casual sale of a single-family home" is not " 'conducting the trade or commerce of selling real estate' " within the intended scope of the Act. *Zimmerman*, 156 Ill. App. 3d at 168-69. The court concluded: "We find no support in Illinois law for the proposition that an individual selling his own home is liable to a purchaser under the Consumer Fraud Act." *Zimmerman*, 156 Ill. App. 3d at 168. The Appellate Court, Third District, followed *Zimmerman* in *Anderson v. Stowell*, 183 Ill. App. 3d 862, 863-64 (1989).

Although the language of the Act does not express the distinction established in *Zimmerman*, the legislature has apparently accepted that interpretation of the Act's intended coverage. The legislature has amended the Act several times since *Zimmerman* was decided more than a decade ago, but it has taken no action to abrogate that case. See *Scarsdale Builders, Inc. v. Ryland Group, Inc.*, 911 F. Supp. 337, 339 (N.D. Ill. 1996) (noting the continuing viability of the *Zimmerman* exception to the Act's scope). When the legislature chooses not to amend a statute to reverse a judicial construction, we must presume that it has acquiesced in the court's statement of legislative intent. *People v. Drakeford*, 139 Ill. 2d 206, 215 (1990). By failing to so amend the Act after *Zimmerman*, the legislature has implicitly accepted the holding that an individual who casually sells his or her own single-family home is not subject to liability under the Act. See *Drakeford*, 139 Ill. 2d at 215. Therefore, we conclude that *Zimmerman* is an accurate statement of the law.

According to plaintiffs' complaint, the Smiths are individuals whose fraudulent conduct occurred during the course of the sale of their own single-family home, which they had owned for at least 12 years. Under *Zimmerman*, the Smiths were not engaged in a "trade or commerce" under section 2 of the Act. As a result, count III of plaintiffs' amended complaint did not assert a valid claim, and the trial court properly dismissed it.

■ The Smiths have asked us to determine that this appeal is frivolous and to impose sanctions upon plaintiffs pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)). A frivolous appeal is one that is not reasonably well-grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. 155 Ill. 2d R. 375(b); *Gunthorp v. Golan*, 184 Ill. 2d 432, 441 (1998).

Rule 375(b) sanctions are penal and should be applied only to cases that fall strictly within the terms of the rule. *Beverly v. Reinert*, 239 Ill. App. 3d 91, 101 (1992). We find that plaintiffs made a good-faith argument based upon a reasonable interpretation of the language of the Act, and we therefore decline to find that this appeal is frivolous.

For these reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.