Docket No. 82071–Agenda 24–March 1997.

 D.C., Appellee, v. S.A.
 et al
., Appellants.

Opinion filed October 17, 1997.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

The issue presented in this appeal is twofold: (1) whether, pursuant to section 10(a)(1) of the Mental Health and Developmental Disabilities Confidentiality Act (Act) (740 ILCS 110/10 
et
 
seq
. (West 1992)), plaintiff, D.C., introduced his mental condition as an element of his negligence claim such that certain documents and items of information within his post-accident psychiatric treatment records were subject to disclosure; and (2) whether the trial court correctly determined that the records were to be disclosed.

Section 10(a)(1) of the Act provides, in part:

“§10(a). Except as provided herein, in any civil, criminal, administrative, or legislative proceeding, or in any proceeding preliminary thereto, a recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record or communications.

(1) Records and communications may be disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought, *** finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm.” 740 ILCS 110/10(a) (West 1994).

BACKGROUND

On June 6, 1992, a traffic accident occurred on Illinois Route 53 in Bolingbrook, Illinois, involving plaintiff, D.C., a pedestrian, and an automobile driven by defendant S.A. Plaintiff subsequently filed a negligence action for personal injuries against defendants, S.A. and J.A., Jr., in the circuit court of Will County.

Plaintiff alleged in his complaint that at the time of the accident, he was a pedestrian crossing Route 53, that defendants were careless and negligent in several respects, and that a car driven by defendant S.A. struck him on that date causing injury. Plaintiff further alleged in his complaint that at all times therein mentioned, he was “in the exercise of ordinary care and caution for his safety, and for the safety of all other persons and vehicles lawfully upon the highways.” Plaintiff alleged that as a “direct and proximate result” of defendant's negligence, plaintiff sustained “severe and permanent injury,” suffered pain, incurred medical expense, and lost and would lose earnings and profits. The complaint did not seek any damages due to mental health injury or any related expenses.

Defendants answered the complaint by denying all of the allegations of negligence made against them. Also, defendants asserted an affirmative defense alleging that plaintiff was negligent in several respects, including failing to obey a traffic control device and suddenly leaving the curb area and entering the roadway in the path of defendant's vehicle and that such negligence of plaintiff was “the” proximate cause of plaintiff's damages. Defendants prayed that plaintiff be found contributorily negligent in causing his alleged damages. Defendants also filed a counterclaim alleging that plaintiff was negligent and that such negligence was the proximate cause of damages to defendants' vehicle.

In reply to defendants' affirmative defense, plaintiff denied all allegations and alleged that he was in the exercise of due care for himself and others. In answer to defendants' counterclaim, plaintiff denied that he was negligent or that such alleged negligence was a proximate cause of defendants' damages. Plaintiff asserted that he was in the exercise of due care for his safety and others at the time of the accident, but that defendants were not.

Pursuant to discovery rules, defendants issued subpoenas for deposition directing, 
inter
 
alia
, Edwards Hospital, the hospital where plaintiff was treated immediately following the accident, and Dr. Drew M. Georgeson, his treating physician, to produce plaintiff's medical, psychiatric and/or psychological records for copying. Plaintiff responded by filing a cross-motion for a protective order which the trial court denied, ordering production of the requested records, other than psychiatric and psychological records, for copying.

Plaintiff's medical records revealed that, upon his discharge from Edwards Hospital, where he had been treated for three days immediately following the accident, plaintiff was referred by Dr. Georgeson to Linden Oaks Hospital, the psychiatric unit of Edwards Hospital, for a psychiatric evaluation. Dr. Georgeson partially summarized plaintiff's treatment in a letter to plaintiff's attorney which expressed that plaintiff was being referred because of an indication by plaintiff that he might have been attempting suicide at the time of the accident. Defendants consequently filed a motion to compel the production of all of plaintiff's psychiatric and psychological records, including those from Edwards and Linden Oaks Hospitals. Asserting section 10(a)(1) of the Mental Health Act as the basis, plaintiff objected.

In March 1995, the trial court ordered Edwards Hospital to produce all of plaintiff's records, including all psychiatric and psychological records “(including any and all records from Linden Oaks Hospital)” for an 
in
 
camera
 inspection. By order dated March 28, 1995, the court received the Edwards Hospital records and impounded them. The court also ordered Linden Oaks Hospital to produce any and all records regarding plaintiff for an 
in
 
camera
 inspection. The court continued further hearing on the matter to May 1995.

On May 9, 1995, following an 
in
 
camera
 inspection of plaintiff's records from Edwards Hospital, the trial court ordered that those records be disclosed to defendants, with the exception of a purported petition for involuntary admission, which is not at issue here. In the order, the trial court again ordered that all of plaintiff's records from Linden Oaks Hospital be produced for an 
in
 
camera
 inspection. The trial court subsequently continued the matter.

On or about May 16, 1995, plaintiff's Linden Oaks Hospital psychiatric records were received by the trial court, which then conducted an 
in
 
camera
 inspection of them. At a hearing of the matter held on May 23, 1995, the trial court found that, with respect to certain documents and information from the two hospitals' records, plaintiff had introduced his mental condition in establishing that he was in the exercise of due care for his own safety, and that such element of his mental condition had been introduced by the filing of the lawsuit. With respect to these materials and the remainder of plaintiff's psychiatric records, the trial court then made findings pursuant to the several factors enumerated in section 10(a)(1).

The trial court found that the last three pages of records produced from Edwards Hospital (a certificate by an attending psychiatrist, a document signed by “Linda Campbell,” and an inventory of plaintiff's personal belongings, all dated June 8, 1992) were relevant, probative and, while prejudicial, not unduly prejudicial, and also admissible. After noting that defendants' counsel had attempted to obtain the information from other sources, but had been unable to do so, the trial court found that other satisfactory evidence was demonstrably unsatisfactory at that time. Lastly, the trial court found that disclosure was more important to the interests of substantial justice than protection of the therapist-recipient relationship.

Concerning plaintiff's Linden Oaks psychiatric records, the trial court found that, with the exception of three specific items of information, the entirety of the records was not relevant. The trial court repeated its previous findings under section 10(a)(1) with respect to the three items: a paragraph entitled “reason for admission,” which appeared on a discharge summary, a paragraph entitled “history of present illness,” which appeared in a report from Dr. Kraus, and a one sentence statement by a psychologist concerning “the presenting problem,” which appeared in a “psychological assessment” document. In doing so, the trial court specified that other paragraphs within documents in which these three items appeared were to be redacted because such paragraphs concerned information which was irrelevant, inadmissible, or unduly prejudicial.

In total, the trial court ordered that the last three pages of plaintiff's Edwards Hospital records and the three specified items of information from Linden Oaks Hospital were to be disclosed to defendants.

The trial court temporarily stayed the order of disclosure in order to allow plaintiff time to file an interlocutory appeal. The trial court thereupon found that the disclosure order involved a question of law as to which there was a substantial difference of opinion, and that an immediate appeal might materially advance the ultimate determination of the litigation. See 155 Ill. 2d R. 308. Accordingly, the court certified the following question:

“Whether this court correctly held that the plaintiff has introduced his mental condition in establishing that he was in the exercise of due care for his own safety and that element of his mental condition has been introduced by the filing of this lawsuit, and therefore, the specified records are discoverable and ordered turned over to defendants?”

The appellate court framed the question for review as follows:

“[W]hether a plaintiff who files a negligence lawsuit introduces his mental condition as an element of his claim and thereby waives his privilege to refuse disclosure of mental health records under the Mental Health and Developmental Disabilities Confidentiality Act [citation].” 283 Ill. App. 3d 693, 694.

The appellate court answered this question by holding that a plaintiff does not waive the privilege against disclosure of mental health records under the Act unless he specifically or affirmatively raises the condition as an element of his claim. The appellate court further reasoned that “[b]ecause the filing of a negligence action does not require a plaintiff to specifically or affirmatively plead his mental condition,” a plaintiff does not, thereby, necessarily introduce his mental condition as an element of his claim. 283 Ill. App. 3d at 699. The appellate court concluded that the only manner by which the plaintiff's mental condition became at issue in this case was through defendants' attempt to establish comparative negligence, but that, under section 10(a)(1), only a recipient might waive the subject privilege. While acknowledging that the result “may be perceived in some quarters as an affront to justice and common sense,” the appellate court nevertheless expressed that its holding was compelled by the plain language of section 10(a)(1) of the Mental Health Act. 283 Ill. App. 3d at 699. As stated previously, the appellate court reversed the trial court's judgment and remanded the matter to the trial court. 283 Ill. App. 3d 693.

The dissent argued that, given the facts of this case, the therapist-recipient privilege must necessarily yield in favor of constitutional due process and fundamental fairness concerns inasmuch as the privilege is not absolute. In the dissent's view, the privilege, designed as a shield to protect the therapist-recipient relationship, was being unfairly utilized by plaintiff in this case as a sword to the detriment of defendants. 283 Ill. App. 3d at 700 (Lytton, J., dissenting).

The cause is now before this court based on the grant of defendants' petition for leave to appeal (155 Ill. 2d R. 315(a)). After careful consideration, we reverse the appellate court's judgment and remand the cause to the trial court for further proceedings.

We note parenthetically that the record in this case was impounded, and that defendants have not yet seen or examined the documents or other items which were ordered to be disclosed.

STANDARD OF REVIEW

Citing 
Computer Teaching Corp. v. Courseware Applications, Inc.
, 199 Ill. App. 3d 154 (1990), defendants contend that this matter is properly reviewable under an abuse of discretion standard.

Generally speaking, a trial court is afforded great latitude in rulings on discovery matters, and a court of review will not disturb such rulings absent a manifest abuse of discretion. See 
Maxwell v. Hobart Corp.
, 216 Ill. App. 3d 108, 110 (1991). Specifically, however, the applicability of a statutory discovery privilege is a matter of law for the trial court to determine and, within that legal determination, factual questions may sometimes arise. See 
Niven v. Siqueira
, 109 Ill. 2d 357, 368 (1985). It follows then that the applicability of a statutory exception to such a privilege is also a matter of law for the trial court to determine.

In determining whether section 10(a)(1) applies to a given case, a trial court must first determine as a matter of law whether a recipient might have introduced his mental condition as an element of his claim or defense so as to waive the therapist-recipient privilege recognized under the Act. 740 ILCS 110/10(a)(1) (West 1994). Disclosure may be had provided, and only to the extent, the trial court secondarily finds that the information sought to be disclosed is relevant, probative, not unduly prejudicial, otherwise clearly admissible, that other satisfactory evidence is demonstrably unsatisfactory as evidence, and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship. 740 ILCS 110/10(a)(1) (West 1994); see 
Goldberg v. Davis
, 151 Ill. 2d 267 (1992). This aspect of the inquiry expressly includes a balancing of competing important interests and a consideration of some factual matters, the very sort of determination traditionally residing within the discretion of a trial court.

In the present case, we review the propriety of the appellate court's answer to the certified question before it. That question essentially asked whether the trial court's holding was legally correct concerning the threshold applicability of section 10(a)(1) to the case, and the secondary matter of disclosure pursuant to the provision. The trial court found that its disclosure order involved a question of law as to which there was a substantial difference of opinion and requested guidance. See 
Faier v. Ambrose & Cushing, P.C.
, 154 Ill. 2d 384 (1993); 
Kerker v. Elbert
, 261 Ill. App. 3d 924, 925 (1994). Given the posture of the case, yet recognizing the mixed nature of the issues presented, we nevertheless determine that this matter is one subject to 
de
 
novo
 review. 
Cf
. 
In re Lawrence M.
, 172 Ill. 2d 523, 526 (1996).

ANALYSIS

Before proceeding with our analysis, we first note as a point of reference that, contrary to the appellate court's statement, the certified question before it was not whether a plaintiff's filing of a negligence lawsuit introduces his mental condition and thereby waives his section 10(a) privilege. Rather, the certified question asked whether the plaintiff introduced his mental condition in alleging that he was in the exercise of due care for his own safety and by filing such lawsuit. See 
Thompson v. Walters
, 207 Ill. App. 3d 531 (1991) (attempt to rephrase certified question is procedurally improper); 
Zimmerman v. Northfield Real Estate, Inc.
, 156 Ill. App. 3d 154 (1986) (appellate court could only consider question on interlocutory appeal which was certified by trial court).

Supreme Court Rule 201(b)(1) authorizes broad discovery “regarding any matter relevant to the subject matter involved in the pending action.” 134 Ill. 2d R. 201(b)(1). Traditionally, the trial court is accorded great latitude in determining the scope of discovery, as discovery presupposes a range of relevance and materiality which includes not only what is admissible at trial, but also that which leads to what is admissible at trial. See 
Computer Teaching Corp.
, 199 Ill. App. 3d at 157.

The objectives of pretrial discovery are to enhance the truth-seeking process, to enable attorneys to better prepare for trial, to eliminate surprise and to promote an expeditious and final determination of controversies in accordance with the substantive rights of the parties. 
Mistler v. Mancini
, 111 Ill. App. 3d 228, 231-32 (1982). Privileges which protect certain matters from disclosure are not designed to promote the truth-seeking process, but rather to protect some outside interest other than the ascertainment of truth at trial. 1 J. Strong, McCormick on Evidence §72, at 269 (4th ed. 1992). Thus, privileges are an exception to the general rule that the public has a right to every person's evidence. Privileges are not to be lightly created or expansively construed, for they are in derogation of the search for the truth. See 
Illinois Educational Labor Relations Board v. Homer Community Consolidated School District No. 208
, 132 Ill. 2d 29, 34 (1989); see also 
People ex rel. Noren v. Dempsey
, 10 Ill. 2d 288 (1957).

The common law psychiatrist-patient privilege, a privilege somewhat similar to our statutory therapist-recipient privilege, has been described as serving both important private interests in confidential and secure conversation, and the important public interests in facilitating the provision of appropriate mental health treatment of the citizenry. See 
Jaffee v. Redmond
, 518 U.S. ___, ___, 135 L. Ed. 2d 337, 345, 116 S. Ct. 1923, 1928-29 (1996); see also 
Novak v. Rathnam
, 106 Ill. 2d 478 (1985).

Cognizant of these general concerns, we address the specific arguments in the present case. We first note that defendants do not claim that plaintiff introduced his mental condition as an element of his damages, as is, perhaps, the more typical case. Rather, defendants claim that plaintiff introduced his mental condition as an element of the liability aspect of his claim. Defendants contend that the trial court correctly held that plaintiff had done so. Defendants argue that the appellate court misapprehended this point when it focused solely on the obligation of defendants to plead a plaintiff's comparative negligence, and the legal effect of such pleading by defendants in this case. Citing 
Leonardi v. Loyola University
, 168 Ill. 2d 83, 93 (1995), defendants maintain that proximate cause is recognized as an essential element of plaintiff's case and sole proximate cause is not an affirmative defense, but rather an inherent element of a plaintiff's negligence case which the plaintiff has the burden to prove and overcome. Defendants argue that the information which they seek to be disclosed contradicts the allegation in plaintiff's 
prima
 
facie
 case that defendants' negligence proximately caused his injuries. They apparently argue that plaintiff has thus introduced, by negative implication, his mental condition as a causative element. Defendants cite to 
Maxwell v. Hobart Corp.
, 216 Ill. App. 3d 108 (1991), as an example of correct reasoning regarding waiver of the therapist-recipient privilege under section 10(a)(1) and assert that the appellate court's ruling below conflicts with 
Maxwell
. On this point, defendants charge that the authorities relied on by the appellate court, 
Tylitzki v. Triple X Service, Inc.
, 126 Ill. App. 2d 144 (1970), and 
Webb v. Quincy City Lines, Inc.
, 73 Ill. App. 2d 405 (1966), are distinguishable.

Prior to the adoption of the comparative negligence doctrine in Illinois (see 
Alvis v. Ribar
, 85 Ill. 2d 1 (1981)), a plaintiff was required to prove his own exercise of due care as an essential element of his negligence action. The absence of such a showing by plaintiff, or sufficient affirmative evidence of contributory negligence, was a complete bar to his recovery. 
Long v. City of New Boston
, 91 Ill. 2d 456, 462 (1982) (citing cases). Illinois courts consistently held that the plaintiff had the burden of pleading freedom from contributory negligence, as well as the burden of proof on the issue. A complaint that lacked a sufficient allegation of the plaintiff's due care or disclosed on its face contributory negligence failed to state a cause of action and was subject to a motion to dismiss. 
Long
, 91 Ill. 2d at 462-63.

With the advent of comparative negligence, both logic and fairness dictated that the defendant, who stood to benefit from a showing that the plaintiff was negligent, was the party who should have the burden of proof on the issue. See 
Casey v. Baseden
, 111 Ill. 2d 341, 346-47 (1986). Indeed, a plaintiff's negligence was subsequently codified as an affirmative defense with the requirement that the defendant plead the facts constituting the defense. 735 ILCS 5/2–613(d) (West 1994).

Adoption of the doctrine of comparative negligence did not, however, result in the elimination of proximate cause as an element in a negligence action (see 
Owens v. Stokoe
, 115 Ill. 2d 177, 183 (1986); see also 
Leonardi
, 168 Ill. 2d at 93), and there can be more than one proximate cause contributing to any one injury (
Johanek v. Ringsby Truck Lines, Inc.
, 157 Ill. App. 3d 140 (1987)).

In the present case, plaintiff pled in the complaint that he was in the exercise of ordinary care for his safety at the time of the accident, that various acts of defendants constituted negligence, and that such negligence on defendants' part was a proximate cause of his injuries.

Although not required to do so, plaintiff also pled his own freedom from negligence. We agree with the appellate court to the extent that such allegation, in itself, does not serve to introduce mental condition as an element of his claim. Plaintiff may amend his complaint at any time to drop this allegation, and he carries no burden of proof on this issue. It appears that plaintiff's allegation of his own due care is simply “boilerplate” language in the complaint and thus is insufficient to constitute a substantive assertion of any element of his claim.

We further agree with the appellate court that it was the defendants who actually raised the issue of plaintiff's negligence in this case. Defendants accomplished this by raising the affirmative defense of plaintiff's comparative negligence. Section 10(a)(1) requires, however, that the “recipient introduce[ ] his mental condition *** as an element of his claim or defense.” 740 ILCS 110/10(a)(1) (West 1994). 
Cf
. 
Goldberg
, 151 Ill. 2d 267 (recipient introduced her mental condition as well as services as part of complaint prosecuted by Illinois Department of Professional Regulation).

Also, plaintiff's denial of any contributory negligence in his reply to defendants' affirmative defense does not by itself, or in combination with his unnecessary allegation of due care in the complaint, result in the introduction by plaintiff of his mental condition into the claim.

Defendants argue, however, that plaintiff introduced his mental condition by pleading that defendants' negligence proximately caused his injuries. Defendants apparently reason that by claiming that defendants' negligence was a proximate cause of his injuries, plaintiff has introduced his mental condition as a causative factor to the extent that it contradicts this assertion. Recognizing that they rely on a negative implication of plaintiff's mental condition, defendants turn to 
Leonardi
 to buttress their argument, claiming that sole proximate cause is an element of the plaintiff's case.

Yet, plaintiff did not allege and is not required to prove that defendants' negligence was the sole proximate cause of his injuries. 
Leonardi
 cannot be read as requiring the plaintiff to plead sole proximate cause, or that a plaintiff carries the burden to prove sole proximate cause. 
Leonardi
 only held that defendants are not required to plead the sole proximate cause of another party as an affirmative defense in order to offer evidence at trial that another's negligence was the sole cause of an injury. 
Leonardi
, 168 Ill. 2d at 93-94.

Defendants apparently recognize that plaintiff's mental condition as a causative factor could not be said to have been introduced into the claim by his assertion that defendants' negligence was 
a
 proximate cause of plaintiff's injuries. This is so because plaintiff's mental condition as a causative factor could not be implicated with respect to his assertion about defendants' conduct, unless and to the extent that it contradicted that assertion.

In 
Maxwell
, the appellate court found that the plaintiff's condition of sobriety had been introduced into the claim as it was a central, rather than peripheral, issue and such condition had “bear[ing] on” proximate cause and plaintiff's comparative fault. 
Maxwell
, 216 Ill. App. 3d at 115. Relevancy and centrality, however, are not decisive of whether a recipient has introduced such conditions as an element of his or her claim or defense under section 10(a)(1). 
Cf
. 
Tylitzki
, 126 Ill. App. 2d at 149 (affirmative aspect controlling where mental condition claimed to have been introduced based on allegations of damages for pain and suffering); 
Webb
, 73 Ill. App. 2d 405 (mental condition must be “specifically made” part of claim for damages as opposed to general allegation of pain and suffering); but see 
Roberts v. Norfolk & Western Ry. Co.
, 229 Ill. App. 3d 706, 720 (1992) (plaintiff introduced mental condition as element of claim by claiming compensatory damages where barred psychiatric deposition testimony related to amount of damages). We find that under the terms of section 10(a)(1) something more is required for the introduction of a condition as an element of a claim even concerning those pertaining to liability. Based on the pleadings and even implications arising from them, defendants have not demonstrated the requisite nexus for us to conclude that plaintiff has thereby introduced his mental condition.

We recognize that under Illinois negligence law prior to the adoption of the doctrine of comparative negligence, the plaintiff would have been considered to have introduced his mental condition as an element of his claim under the instant pleadings here. The legislature, in enacting section 10(a)(1) subsequent to the doctrine's adoption, however, must be presumed to have had knowledge of that fact. We recognize also that in commonsense terms, it could be argued that, by filing a negligence action, a plaintiff puts at issue all matters that are relevant to the assertion of that claim. Nevertheless, we conclude that under the terms of section 10(a)(1), and given the pleadings in this case as well as the subject information, plaintiff did not introduce his mental condition as an element of his claim.

Defendants contend that the appellate court's ruling against disclosure of the information prevented them from presenting evidence in their defense that had the potential to absolve them from liability. According to defendants, the ruling thus constituted a denial of their federal and state constitutional due process rights (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) to answer and defend against the lawsuit. See 
Prink v. Rockefeller Center, Inc.
, 48 N.Y.2d 309, 398 N.E.2d 517, 422 N.Y.S.2d 911 (1979).

In order to sustain such argument, defendants must necessarily possess either a vested right to an unfettered defense or claim that certain property of theirs was in fact taken without due process of law. However, defendants possess no right to an 
unfettered
 defense. 
Cf
. 
People v. Love
, 310 Ill. 558, 563 (1923) (“no one has any vested right in a rule of evidence either in a criminal or civil case, and there is no constitutional prohibition against the legislature changing it so long as it leaves to a party either in a criminal or civil case a fair opportunity to make his defense and to submit all the facts to the jury”). And the upholding of the privilege by the appellate court in this case would not have the effect of depriving defendants of their defense, though we agree that their defense would be greatly hampered. Also, as of yet, no money judgment has been entered against defendants as a result of this action so they are not close to suffering a deprivation of their property. Under these circumstances, no violation rising to constitutional dimensions is indicated. But see 
Prink
, 48 N.Y.2d at 317, 398 N.E.2d at 522, 422 N.Y.S.2d at 916 (stating that in wrongful death action, where decedent's death from a 36-story building fall was questionable as suicide, to hold physician-patient privilege not waived is to ignore realities of factual situation and to come “perilously close” to taking defendant's property without due process of law).

While we do not agree that the instant case presents a situation where due process rights are violated, we yet believe that under the circumstances presented here, fundamental fairness commands that the privilege yield. 
Cf
. 
Galante v. Steel City National Bank
, 66 Ill. App. 3d 476, 482 (1978) (“[i]t would be unjust” to allow plaintiffs to prosecute their action against defendants and, at the same time, refuse to answer questions, under a claim of the fifth amendment privilege, the answers to which “may substantially aid defendants or even establish a complete defense”); 
Adkins v. Chicago, Rock Island & Pacific R.R. Co.
, 54 Ill. 2d 511 (1973) (declining jurisdiction as a matter of fundamental fairness); 
Canton v. Chorbajian
, 88 Ill. App. 3d 1015, 1022 (1980) (examining circumstances attendant upon entry of default judgment in interests of fundamental fairness though party lacked requisite due diligence in petitioning to set aside). Moreover, as this court has recognized, the therapist-recipient privilege, like other privileges, is not absolute. See 
Goldberg
, 151 Ill. 2d at 277 (pointing out various provisions within Act which recognize exceptions); see also 
In re Marriage of Decker
, 153 Ill. 2d 298, 312-13 (1992) (attorney-client privilege inapplicable where client seeks or obtains services of attorney in furtherance of criminal or fraudulent activities).

In this case, the information plaintiff seeks to protect potentially contradicts his assertion that defendants were negligent and caused the accident. The information has the potential to completely absolve defendants from any liability. Too, the information meets the criteria for disclosure under section 10(a)(1). Certainly, the information is relevant as it pertains to plaintiff's conduct and actions at the time of the accident. The information is probative as well because it appears to provide a possible explanation of how the accident occurred. Further, the information does not appear to be unduly prejudicial, as it does not concern plaintiff's psychiatric treatment or progress, but refers only to his purported conduct at the time of the accident and various assessments by plaintiff's treaters of those purported events. Also, the record reflects, as the trial court found, that defendants' counsel unsuccessfully attempted to obtain other information regarding plaintiff's referral to Linden Oaks Hospital from other sources; and there is no argument that the information is not otherwise clearly admissible. Most certainly too, disclosure of this small amount of information, which does not concern plaintiff's psychiatric diagnosis, treatment, or progress, but which concerns plaintiff's possible conduct and motivation specifically at the time of the accident, is more important to the interests of substantial justice in this case than protecting plaintiff or the relationship he holds with his therapist.

Notably, the trial court ordered redaction of material it believed did not satisfy the requirements of section 10(a)(1) that appeared in several documents which included the specified items of information. Furthermore, the trial court found that the majority of plaintiff's Linden Oaks Hospital psychiatric records did not meet the provision's requirements for disclosure. Given that the information here may be entirely decisive of defendant's liability, that it is relevant, probative, admissible, not obtainable elsewhere, not unduly prejudicial, and the interests favoring disclosure outweigh protection of the therapist-recipient relationship, we hold that the trial court did not err in ordering that the information be disclosed.

CONCLUSION

We conclude that though, under a strict application of section 10(a)(1), plaintiff did not introduce his mental condition “as an element of his claim,” other “elements” required by section 10(a)(1) are present. See 
Goldberg
, 151 Ill. 2d at 281-82. The trial court did not err in determining that the subject materials were to be disclosed in this particular case. Our decision in this case is narrow. We do not utilize our powers in this area lightly, yet under the facts of the present case, the interests of justice demand that we tip the balance in favor of disclosure and truth. In this case, the interests of fundamental fairness and substantial justice outweigh the protections afforded the therapist-recipient relationship where plaintiff seeks to utilize those protections as a sword rather than a shield to prevent disclosure of relevant, probative, admissible, and not unduly prejudicial evidence that has the potential to fully negate the claim plaintiff asserted against defendants and absolve them of liability.

For these reasons, the judgment of the appellate court is reversed, the judgment of the circuit court is affirmed, and the cause is remanded to the circuit court for further proceedings.

Appellate court judgment reversed
;

circuit court judgment affirmed
;

cause remanded
.

JUSTICE HARRISON, dissenting:

The majority is correct that D.C. did not introduce his mental condition as an element of his negligence claim. The majority is incorrect in concluding that the disputed records are nevertheless subject to disclosure under section 10(a)(1) of the Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/10 
et seq
. (West 1992)). Under the clear and unambiguous language of section 10(a), mental health records are privileged from disclosure unless one of the specified exceptions applies. Because the only exception invoked here does not apply, there is no legitimate basis for holding that the statutory privilege must yield.

In ruling as it does, the majority ignores that cardinal rule that a statute must be enforced as enacted by the legislature. 
Raintree Health Care Center v. Illinois Human Rights
 
Comm'n
, 173 Ill. 2d 469, 490-91 (1996). A court is not free to rewrite legislation, or to ignore an express requirement contained in a statute.
 People v. Palmer
, 148 Ill. 2d 70, 88 (1992). While my colleagues may believe that the interests of justice would be better served if the provisions of the law gave way here, that is no justification for their conduct. As the author of the majority opinion aptly noted himself,

“It is not the function of this court to determine what might be a better rule. The legislature is vested with the power to enact laws. Under the doctrine of separation of powers, courts may not legislate, rewrite or extend legislation. If the statute as enacted seems to operate in certain cases unjustly or inappropriately, the appeal must be to the General Assembly, and not to the court.” 
People v. Garner
, 147 Ill. 2d 467, 475-76 (1992).

The appellate court properly applied the provisions of section 10(a) as written, and its judgment should be affirmed. Accordingly, I dissent.

JUSTICE NICKELS joins in this dissent.